FILED: FEBRUARY 11, 2009
09CV868
JUDGE LEFKOW
MAGISTRATE JUDGE SCHENKIER
CH

## IN THE UNITED STATED DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| SLEEP SCIENCE PARTNERS, INC., | ) |
| | ) |
|          **Plaintiff,** | )   **Case No.**_____ |
| | ) |
|     **v.** | ) |
| | ) |
| SUSANNA CHIU, SUSAN CHEUNG AND | ) |
| MASHI CHIU, | ) |
| | ) |
|         **Defendants.** | ) |
| | ) |

## VERIFIED COMPLAINT AND JURY DEMAND

Plaintiff Sleep Science Partners, Inc. d/b/a The Pure Sleep Company ("PSC"), by its attorneys, as and for its Complaint for Injunctive relief and damages against defendants Susanna Chiu, Susan Cheung and Mashi Chiu states as follows:

## NATURE OF THE CASE

1. This is an action by PSC against defendants Susan Cheung, Susanna Chiu and Mashi Chiu (collectively referred to as the "Chius"), individually and doing business as Anti-Snore for temporary, preliminary and permanent injunctive relief, statutory damages, treble damages or profits, compensatory damages, punitive damages, pre-judgment interest, attorneys' fees and costs from Defendants for each of Plaintiff's federally registered trademarks that Defendants have willfully and intentionally infringed and counterfeited. Defendants are being sued by PSC as a result of Defendants' sale, offers for sale, distribution, promotion and advertisement of snoring cessation intraoral devices bearing counterfeits and infringements of PSC's federally registered PURESLEEP trademarks. As set forth below, the unlawful acts of Defendants constitute

federal trademark infringement, counterfeiting and dilution, false advertising, false designation of origin and false description, violation of the Illinois Deceptive Business Practices Act and unfair competition under Illinois common law.  As a result of Defendants' unlawful actions, PSC has been and shall continue to be irreparably harmed unless the injunctive relief sought herein issues.

## PARTIES

2.     PSC is a California Corporation with its principal place of business in Larkspur, California.  PSC is the exclusive manufacturer, marketer, and seller of the patented, FDA-cleared PureSleep mandibular repositioning device ("MRD").  The PureSleep MRD is an intraoral dental device used to reduce or eliminate snoring.  Only available by prescription, PureSleep is a unique snoring cessation device exclusively sold and marketed under PSC's federally registered PURESLEEP trademarks.

3.     Upon information and belief, Susanna Chiu is a citizen and resident of the State of Illinois residing at 3208 S. Aberdeen, Chicago, Illinois, 60608.

4.     Upon information and belief, Susan Cheung is a citizen and resident of the State of Illinois residing at 3208 S. Aberdeen, Chicago, Illinois, 60608.

5.     Upon information and belief, Mashi Chiu is a citizen and resident of the State of Illinois residing at 3208 S. Aberdeen, Chicago, Illinois, 60608.

6.     Upon information and belief, Defendants may be three separate individuals residing at 3208 S. Aberdeen, Chicago, Illinois, 60608 or that "Susan Cheung" and "Mashi Chiu" are aliases of Susanna Chiu who resides at 3208 S. Aberdeen, Chicago, Illinois, 60608.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over the claims asserted in this matter relating to trademark infringement, trademark counterfeiting, trademark dilution, false designations of origin and false descriptions pursuant to 15 U.S.C. §1121 and 15 U.S.C. §§1331 and 1338(a).  This Court has subject matter jurisdiction over the claims for unfair competition asserted in this action pursuant to 28 U.S.C. §1338(b).

8.     This Court has supplemental jurisdiction over the claims in this Complaint that arise under the statutes and common law of the State of Illinois pursuant to 28 U.S.C. §1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

9.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because Defendants reside in this District and because a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this District.

## THE PURESLEEP STORY AND THE PURESLEEP MARKS

10.     Over a decade ago, to stop snoring in his patients, Dr. Douglas Fenton, DDS, invented, developed, patented and received FDA clearance for the PureSleep MRD.  The PureSleep MRD works by holding the lower jaw slightly forward of its normal position during sleep which tends to widen the airway and thus, prevent snoring.

11.     Given the unique nature of the PureSleep MRD, customers must be screened prior to using the product.  PureSleep is not simply a mouth guard or tray available at any local drug store.  Rather, PureSleep is an adjustable device that utilizes a clinically validated technique for the treatment of snoring called "mandibular repositioning" or "mandibular advancement."  Dental devices which utilize this technique

are called a variety of generic names, with the most common being mandibular repositioning device (MRD), mandibular advancement device (MAD), dental appliance, and intra-oral device. The FDA defines any such product to be a Class II medical device, meaning that it may only be dispensed by prescription from a doctor of medicine or dentistry. The Pure Sleep Company complies with this requirement by working with dentists and only dispensing PureSleep to people for whom these dentists prescribe the product.

12.     PureSleep MRDs are heavily marketed exclusively by PSC throughout the United States and abroad via television, radio, and the internet.  Potential customers are invited to contact PureSleep through its website at PureSleep.com or its toll free numbers. PSC does not, indeed cannot, sell or market its products through online retailers or resellers such as Amazon.com and eBay.com.

13.     PSC's main advertising tool is the airing of two commercials, one being 60 seconds in duration and one being 120 seconds in duration.  These two commercials are similar in content and utilize PSC's federally registered trademarks (described below) with repetitive slogans as an advertising and branding technique.  These slogans include "Get Pure Sleep Now."

14.     PSC has spent a very large percentage of its revenue stream on television advertising.  Although the exact statistics are confidential, PSC's commercials have run well in excess of ten thousand times since it launched its television advertising campaign.

15.     To identify the source, origin, and sponsorship of the unique PureSleep MRD, and to distinguish the PureSleep MRD from snoring cessation products established made and sold by others, PSC has extensively used certain trademarks, service marks,

trade names, logos, emblems, indicia of origin, including but not limited to "PURESLEEP" and "PURESLEEP, THE STOP SNORING SOLUTION" (collectively, the "PURESLEEP" Marks).

16.     The PURESLEEP Marks are registered on the Principal Register of the U.S. Patent and Trademark Office for use on therapeutic mouthpieces for the reduction or prevention of snoring. The registrations of the PURESLEEP Marks continue in full force and effect. PSC is the owner of the following federal trademark registrations with the U.S. Patent and Trademark Office:

| Trademark | Regis. Number | Regis. Date |
|---|---|---|
| PURESLEEP | 3538063 | 11/25/2008 |
| PURESLEEP THE STOP SNORING SOLUTION | 3538052 | 11/25/2008 |

17.     Notice has been given to the public of the registration of the PURESLEEP Marks as provided in 15 U.S.C. §1111 and all legal requirements have been complied with to ensure that PSC remain the exclusive users of the PURESLEEP Marks.

18.     PSC has continuously used the PURESLEEP Marks in interstate commerce in connection with the manufacture, promotion and sale of the PureSleep MRD throughout the United States and abroad, since the date of their registration.

19.     PSC uses the PURESLEEP Marks as the commercial marks and trade identity by which the advertisement, promotion and sale of the PureSleep MRDs are distinguished from other similar and competitive business operations, and the products they offer. The advertisement, promotion and sale of the PureSleep MRD offered by PSC under the PURESLEEP Marks have met with widespread public approval and have

established demand and goodwill among consumers throughout the United States. PSC has acquired substantial goodwill, national recognition, and fame through its extensive use of its PURESLEEP Marks. Consumers have come to associate PSC's trademarks with snoring cessation devices of only the highest quality and efficacy.

20. Given PureSleep's high rate of success and the fame of the PURESLEEP Marks, PSC offers customers a 30-Day money back guarantee in the event the PureSleep MRD does not work for them. PSC is unusual insofar as it also refunds the shipping and handling fee charged to deliver the PureSleep product and even reimburses customers for their cost if they wish to return the product.

## DEFENDANTS' INFRINGEMENT AND COUNTERFEITING OF THE PURESLEEP MARKS

21. Given the high rate of success PSC's customers have had using the PureSleep MRD, a number of imitators have begun selling what appear to be similar devices over the internet. In reality, it appears that many of these devices are nothing more than an athletic mouth guard or tooth whitening tray available at any local drug store. Defendants are among these PureSleep imitators and are making infringing and counterfeit use of the PURESLEEP Marks to sell their inferior infringing and counterfeit product. Defendants' unlawful infringement upon the PURESLEEP Marks is causing confusion in the market place and lost revenues to PSC. What's more, Defendants are unlawfully using the PURESLEEP Marks to purportedly sell an MRD without a prescription in contravention of FDA rules.

22. In the last quarter of 2008, PSC's customer service number began receiving numerous calls from purported customers attempting to return, as part of PSC's

6

money back guarantee, products they believed to be PureSleep MRDs but which were not PureSleep MRDs.

23.     PSC's investigation of the infringing counterfeit devices revealed that the confusion appeared to be coming from one primary source.  PSC's investigation found multiple advertisements and offers for sale on Amazon.com, eBay.com, NexTag.com, shop.com and Cheap-STORE.net incorporating the PURESLEEP trademarks to sell a purported MRD device designed to reduce or eliminate snoring.  These advertisements and offers for sale simply claim to be for "PURE SLEEP" or read "GET PURE SLEEP TONIGHT WITH ANTI-SNORE."

24.     PSC's investigation has revealed the product being distributed by Defendants from these false and misleading advertisements and offers for sale is labeled Anti-Snore.  Defendants even go so far as to use the "®" when using the Anti-Snore name even though there is no registration or application for Anti-Snore listed in the U.S. Patent and Trademark Office TESS database for an intraoral MRD.

25.     Crucial to the injury being suffered by PSC is an understanding of what an MRD is and how it can be sold.  As stated above, an MRD is an FDA cleared Class II medical device, has a specific, targeted use and is not intended to be used by all people.  To obtain the PureSleep MRD, customers must go through a screening process in cooperation with healthcare professionals to ensure they are proper candidates for this prescription and as a result, a substantial percentage of those who would like to obtain the PureSleep MRD are unable to do so.  In contrast, Anti-Snore does not screen potential buyers of its product or work with healthcare professionals to prescribe their product, potentially resulting in serious health consequences to buyers such as exacerbation of

TMJ, damage to dental work or failure to identify a more serious disease such as Obstructive Sleep Apnea. As discussed more fully below, one of the infringing listings even goes so far as advertise Anti-Snore as a <u>replacement</u> for the CPAP machines used to treat Sleep Apnea.

26.    On or about January 15, 2009, PSC's General Counsel conducted an Internet search and found multiple listings on Amazon.com and eBay.com for the Anti-Snore mouthpiece to reduce or eliminate snoring. One Anti Snore advertisement on eBay.com by seller sc3902 reads, "STOP SNORING AND GET PURE SLEEP TONIGHT WITH ANTI-SNORE."

27.    Internet searches using the search engine available on Google.com for "PURE SLEEP" direct potential customers to the counterfeit and infringing Anti-Snore devices for sale on Amazon.com, including a sponsored link with a header entitled "PURE SLEEP." The Google.com search also directs potential customers to the counterfeit and infringing Anti-Snore devices for sale on eBay.com, including a sponsored ad for eBay.com with the header "Pure Sleep" and stating "Pure Sleep available. Pure Sleep. Bid Now!" These are "sponsored" links on Google.com and appear above and supersede the link to PSC's website.

28.    When the Amazon.com link is accessed from Google.com search results, the user is taken to a page selling the Anti-Snore product using the PURESLEEP Marks. The only reference in the Google.com link to Amazon.com is to "Pure Sleep" where the user is directed to the sale pages for the Anti-Snore device where the first words the user reads are "Pure Sleep."

29.     When the eBay.com link is accessed through Google.com's sponsored ad, the user is again taken to a page selling the Anti-Snore product using the PURESLEEP Marks.  The only reference in this Google.com link to eBay.com is to "Pure Sleep," yet the user is directed to the sale pages for the Anti-Snore device where again the first words the user reads are "Pure Sleep."

30.     The infringing Anti-Snore device is also sold through a dedicated page on Amazon.com's webstore.  Reviews for the Anti-Snore product sold on Amazon.com show hundreds of Anti-Snore devices sold using the PURESLEEP Marks.  Some of these reviews are negative and mistakenly refer to the Anti-Snore device as PureSleep.  There are 322 buyer reviews for the Anti-Snore seller dating from November 1, 2008 to February 3, 2009.  Several of the reviews refer to the Anti-Snore device as a PureSleep MRD.  One comment reads:

> "My wife has been snoring for 5 yrs.  The day we received Pure Sleep 1/5/09 that nite my wife used it and she hasn't snored since.  I can't belive it worked the first nite and now for the first time I am getting a good nites sleep.  I'm even playing better golf..and i'm scoreing in more was then one..need i say more..Except thanks Pure Sleep…"  Date: 1/17/2009 Rated by Buyer: Bill C. [sic]

31.     The Anti-Snore device is sold on eBay.com by a seller with the username: sc3902:  Reviews for eBay.com seller sc3902 show thousands of Anti-Snore devices sold using the PURESLEEP Marks.  The reviews on eBay.com for seller sc3902 include a link to the advertisement for the product purchased, most of which are read "STOP SNORING AND GET PURE SLEEP TONIGHT WITH ANTI-SNORE."  Some of these reviews are negative.

32.     The search results for "Pure Sleep" on NexTag.com unlawfully infringe upon the PURESLEEP Marks and read "GET PURE NIGHTS SLEEP TONIGHT WITH ANTI-SNORE".

33.     The advertisement on Cheap-Store.net was discovered in the Google.com results and likewise makes an infringing use of the PURESLEEP Marks. The advertisement not only begins with "GET PURE SLEEP TONIGHT" but goes so far as to claim the product is a replacement for the CPAP machine used to treat sleep apnea. This ad also mimics the materials used by PSC on its website and in its brochures. For instance, PSC uses an image depicting a cut away of the human airway before and while utilizing the PureSleep MRD accompanied by explanatory text of how the device works. The Anti-Snore advertisement on Cheap-Store.net copies this almost verbatim. A true correct copy of a print out of the Cheap-Store.net advertisement is attached hereto as Exhibit 13.

34.     PSC employee Douglas Meharry ordered an Anti-Snore device from an eBay advertisement containing unauthorized use of the Pure Sleep trademark. The advertisement from which the purchase was made reads: "GET PURE SLEEP TONIGHT WITH ANTI-SNORE 100% MONEY BACK GUARANTEE."

35.     Mr. Meharry also purchased an Anti-Snore device on eBay.com from user sc3902. The e.Bay.com order was mailed via PayPal Shipping with the U.S. Postal Service with a shipping label which was attached to Mr.Meharry's order. The Anti-Snore shipping label bears tracking number: 9101128882300575894676 and was shipped from: C/O Susan C., PO Box 804472, Chicago, IL 60680.

36.     Donna Monroe is a Pure Sleep dedicated customer service representative. She has taken several calls from people attempting to return what they thought were Pure Sleep products but which were not Pure Sleep products.  The most recent confused caller attempting to return a non-PureSleep product to Pure Sleep was one Kerri Meyer who called Donna Monroe on January 30, 2009.

37.     On February 3, 2009, PSC sent a second cease and desist notice to eBay username sc3902:  sc3902 / sc3902@aim.com, S Cheung, 1434 County Rd 61 Apt. 312, Canon City, CO, 81212 US and to itsmesusie@sbcglobal.net.   No response has been forthcoming.

38.     PSC's co-founder and the inventor of the PureSleep MRD, Dr. Douglas Fenton, DDS, has inspected the Anti-Snore device and concluded it was not designed to be an MRD/MAD FDA-cleared Class II Medical Device.  Dr. Fenton also concluded that the Anti-Snore device would not be effective in reducing snoring and could actually restrict breathing because of the narrow opening it provides.   If the product were designed to be a Class II Medical Device MRD/MAD, it would require a prescription to be dispensed.

39.     Defendants' activities are harmful and illegal in that they are infringing upon PSC's valuable intellectual property rights and causing confusion amongst consumers.  Defendants' activities are also harmful and illegal because Defendants are using the PURESLEEP Marks to purportedly sell a Class II Medical Device MRD without a prescription or they are falsely leading people to believe they are buying a Class II Medical Device MRD.  Not only are Defendants selling potentially dangerous products to the public without a prescription and violating FDA guidelines but they are

doing so under the PURESLEEP Marks without authorization and potential serious consequences to the public and PSC's business.

40.    PSC has made numerous attempts to halt Defendants' on-going infringement and dangerous selling activities.  Yet Defendants continue their unlawful infringement.

41.    On January 15, 2009, PSC's counsel sent a cease and desist letter to Amazon.com's trademark agent notifying it of the unauthorized use of the PURESLEEP Marks by the sellers of the Anti-Snore device and demanding that Amazon.com delist any advertisements for anti-snoring devices containing the PURESLEEP Marks. Amazon.com has not responded.

42.    On January 19, 2009, PSC's counsel sent a sworn Notice of Claimed Infringement, a supporting declaration and a request for the seller's personal information to eBay, Inc. demanding they delist any unauthorized uses of the PURESLEEP Marks.

43.    On January 21, 2009, eBay Inc. emailed PSC's counsel informing her that eBay, Inc. had removed the Anti-Snore advertisements numbered 140293004159 and 130263521859 which were posted by eBay username:  sc3902.

44.    On February 3, 2009, PSC's counsel again sent a cease and desist letter to the seller of the Anti-Snore devices through the respective seller contact portals available on the Amazon.com and the ebay.com websites.  No response has been forthcoming.

45.    As noted above, a PSC employee purchased an Anti-Snore device from eBay.com seller sc3902 from an eBay advertisements containing unauthorized use of the PURESLEEP Marks.  The device was shipped from PayPal Shipping with the U.S. Postal

Service using the following return address:   C/O Susan C., PO Box 804472, Chicago, IL 60680.

46.     On January 26, 2009 eBay provided PSC's counsel with the following personal information for eBay seller sc3902:   sc3902 / sc3902@aim.com, S Cheung, 1434 County Rd 61 Apt. 312, Canon City, CO, 81212 US  773-934-5167.

47.     On January 30, 2008, a confused consumer, Kerri Meyer, attempted to return an Anti-Snore device to PSC.  That customer informed PSC that the seller of the Anti-Snore device was using an email address of itsmesusie@sbcglobal.net.

48.     PSC's counsel hired a Chicago-based private investigator in an effort to identify the party unlawfully using the PURESLEEP Marks to sell the Anti-Snore products.  His investigation revealed that there is no person named S. Cheung residing in Canon City, Colorado or any information on the Chicago P.O. Box.  His investigation, however, found the telephone number for S. Cheung, 773-934-5167, to be a cellular phone number sold by T-Mobile, Chicago Zone 3, Illinois to Susanna Chiu.   His investigation further revealed that Susanna Chiu resides at 3208 S. Aberdeen, Chicago, IL 60608 with a land line telephone number 773-376-5167.  This number contains the identical last four digits as the Anti-Snore seller's phone number provided by eBay, Inc. for seller sc3902.

49.     The private investigator's search also revealed that the email address itsmesusie@sbcglobal.net is registered to a Mashi Chiu also residing at 3208 S. Aberdeen, Chicago, IL 60608.

50.     Based upon this investigation, PSC is informed and believes that the infringing and counterfeit devices are sold by one or more individuals using the names

Susanna Chiu, Susan Cheung, and/or Mashi Chiu and residing at 3208 S. Aberdeen, Chicago, IL 60608.

51.     Their illegal use of the PURESLEEP Marks not only creates a likelihood of confusion but has caused actual confusion amongst PSC's customers and potential customers.

52.     Despite PSC's repeated attempts to stop Defendants infringing and counterfeiting of the PURESLEEP Marks, Defendants continue to do so.   Indeed, Defendants seem intent on continuing their infringement and have reposted their advertisements on eBay.com after eBay.com delisted them.   Pure Sleep has lost revenue and suffered irreparable harm to its reputation from Defendants' unlawful use and dilution of the PURESLEEP Marks.

53.     Unless enjoined by the Court, Defendants will continue to use, infringe, counterfeit and dilute the PURESLEEP Marks, to PSC's irreparable injury.   This threat of future injury to PSC's business identity, goodwill and reputation requires injunctive relief to prevent Defendants' continued unlawful use of the PURSLEEP Marks and to ameliorate and mitigate PSC's injuries.   PSC has had significant difficulty in locating Defendants and stopping them from re-posting their infringing and counterfeit items on the internet.   A Temporary Restraining Order is necessitated by Defendants' elusiveness and on-going, willful and malicious infringement and because of the dangers posed by the misrepresentations made by Defendants in their advertising.   Unless temporary, preliminary and permanent injunctive relief issues, PSC fears that Defendants will disappear only to re-emerge in cyberspace selling their same infringing and dangerous products to PSC's and the public's detriment.

## COUNT I—Trademark Infringement/Counterfeiting

54.     PSC repeats and realleges ¶¶ 1 through 53 of its Complaint as and for this ¶ 54, as if fully set forth herein.

55.     Defendants' acts, practices, and conduct constitute an infringing use in interstate commerce of a reproduction, counterfeit, copy, or colorable imitation of the PURESLEEP Marks, and are likely to cause confusion or mistake or to deceive the public in violation of 15 U.S.C. § 1114(l).

56.     Defendants' unauthorized use of the PURESLEEP Marks as set forth above is likely to:  (a) cause confusion, mistake and deception;  (b) cause the public to believe that Defendants' devices are the same as the PureSleep MRD or that Defendants are authorized, sponsored or approved by PSC or that Defendants are affiliated, connected or associated with or in some way related to PSC; and (c) result in Defendants unfairly benefiting from PSC's advertising and promotion and profiting from the reputation of PSC and its PURESLEEP Marks, all to the substantial and irreparable injury of the public, PSC and its PURESLEEP Marks and the substantial goodwill represented thereby.

57.     Defendants' acts are both willful and intentional.  Indeed, Defendants' continue to position their infringing and counterfeit device on the internet to specifically divert potential PureSleep customers to the Anti-Snore device.  Despite repeatedly having their listings removed on eBay.com and being told to cease and desist, Defendants continue their willful, malicious and intentional infringement and counterfeiting.

58.     As a direct and proximate result of Defendants' infringement, PSC has been and is likely to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits, and diminished goodwill.

59.     PSC has no adequate remedy at law because the PSC Marks are unique and represent to the public PSC's identity, reputation, and goodwill, such that damages alone cannot fully compensate PSC for Defendants' misconduct.

60.     Unless enjoined by the Court, Defendants will continue to use and infringe the PSC Marks, to PSC's irreparable injury.   This threat of future injury to PSC's business identity, goodwill, and reputation requires injunctive relief to prevent Defendants' continued use of the PSC Marks, and to ameliorate and mitigate PSC's injuries.

### COUNT II—False Designation of Origin and Unfair Competition

61.     PSC repeats and realleges ¶¶ 1 through 60 of its Complaint as and for this ¶ 61, as if fully set forth herein.

62.     Defendants' acts, practices, and conduct constitute unfair competition, and false or misleading descriptions or representations of fact, in that they are likely to cause confusion or to cause mistake, to deceive others as to the affiliation, connection, or association of the parties, and/or to misrepresent the nature, characteristics, qualities, or geographic origin of the parties' goods, services and commercial activities, all in violation of 15 U.S.C § 1125(a).

63.     Defendants' acts are both willful and intentional.   Indeed, Defendants' continue to position their infringing and counterfeit device on the internet to specifically divert potential PureSleep customers to the Anti-Snore device.   Despite repeatedly having

16

their listings removed on eBay.com and being told to cease and desist, Defendants continue their willful, malicious and intentional infringement and counterfeiting.

64.     As a direct and proximate result of defendants' infringement, PSC has been and is likely to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits, and diminished goodwill.

65.     PSC has no adequate remedy at law because the PSC Marks are unique and represent to the public PSC's identity, reputation, and goodwill, such that damages alone cannot fully compensate PSC for Defendants' misconduct.

66.     Unless enjoined by the Court, Defendants will continue to use and infringe the PURESLEEP Marks, to PSC's irreparable injury. This threat of future injury to PSC' business identity, goodwill, and reputation requires injunctive relief to prevent Defendants' continued use of the PURESLEEP Marks, and to ameliorate and mitigate PSC's injuries.

### COUNT III—Dilution of Famous Marks

67.     PSC repeats and realleges ¶¶ 1 through 66 of its Complaint as and for this ¶ 67, as if fully set forth herein.

68.     PSC's PURESLEEP Marks have obtained such recognition and fame as to constitute "famous Marks" within the meaning of 15 U.S.C. §1125(c).

69.     In their advertising, Defendants make the claim that Anti-Snore "is classified as a Mandibular Advancement Devices or MAD." Defendants are either dispensing an MAD without a prescription or misleading consumers into believing they are buying something they are not – all while making unauthorized use of the PURESLEEP Marks.

70.     Defendants unlawfully use and incorporate the PURESLEEP Marks into the marketing and selling of the inferior Anti-Snore device.  PSC has no control over the quality of Anti-Snore advertising and other promotional materials and its misappropriation of the PURESLEEP Marks in its marketing.  PSC also has no control over the quality of the Anti-Snore product or to whom the product is sold under the misappropriated PURESLEEP Marks.  As a result of such use by Defendants, the distinctive qualities of the PureSleep MRD and the PURESLEEP Marks are being and will continue to be diluted.

71.     Defendants misappropriation of the PURESLEEP Marks to sell the inferior Anti-Snore device, is and will continue to result in the dilution of the distinctive nature of the PURESLEEP Marks through blurring, in violation of 15 U.S.C. §1125(c).

72.     Defendant's wrongful conduct constitutes an extreme threat to the distinctiveness of the PURESLEEP Marks that PSC has expended great efforts to develop and maintain through its strict control over the use and distribution of the PURESLEEP Marks.

73.     The distinctive nature of the PURESLEEP Marks are of enormous value, and PSC is suffering and will continue to suffer irreparable harm and blurring of the PURESLEEP Marks if Defendant's wrongful conduct is allowed to continue.

74.     Defendants' misappropriation of the PURESLEEP Marks to sell the Anti-Snore device along with numerous other low quality goods through the internet will likely continue unless enjoined by this Court.

75. As a direct and proximate result of defendants' infringement, PSC has been and is likely to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits, and diminished goodwill.

76. PSC has no adequate remedy at law because the PSC Marks are unique and represent to the public PSC's identity, reputation, and goodwill, such that damages alone cannot fully compensate PSC for Defendants' misconduct.

77. Unless enjoined by the Court, Defendants will continue to use and dilute the PURESLEEP Marks, to PSC's irreparable injury. This threat of future injury to PSC's business identity, goodwill, and reputation requires injunctive relief to prevent Defendants' continued use of the PURESLEEP Marks, and to ameliorate and mitigate PSC's injuries.

### COUNT IV—Unfair Competition Under Illinois Common Law

78. PSC repeats and realleges ¶¶ 1 through 77 of its Complaint as and for this ¶ 78, as if fully set forth herein.

79. The actions of defendants as alleged above are willful and intentional.

80. The actions of Defendants as alleged above created the likelihood of confusion and actual confusion by misleading the public as to the source, sponsorship, association or affiliation of the products they sold, in violation of the common law of unfair competition of the State of Illinois.

81. The actions of defendants as alleged above constitute misappropriation of the goodwill of PSC and unfair competition, in violation of the common law of unfair competition of the State of Illinois.

82.     The actions of defendants as alleged above were committed with the intention of passing off or palming off their products as if such products were those of PSC, with the intent to deceive and defraud the public, in violation of the common law of unfair competition of the State of Illinois.

83.     Defendants' acts are both willful and intentional.  Indeed, Defendants' continue to position their infringing and counterfeit device on the internet to specifically divert potential PureSleep customers to the Anti-Snore device.  Despite repeatedly having their listings removed on eBay.com and being told to cease and desist, Defendants continue their willful, malicious and intentional infringement and counterfeiting.

84.     As a direct and proximate result of defendants' infringement, PSC has been and is likely to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits, and diminished goodwill.

85.     PSC has no adequate remedy at law because the PSC Marks are unique and represent to the public PSC's identity, reputation, and goodwill, such that damages alone cannot fully compensate PSC for Defendants' misconduct.

86.     Unless enjoined by the Court, Defendants will continue to use and infringe the PURESLEEP Marks, to PSC's irreparable injury. This threat of future injury to PSC' business identity, goodwill, and reputation requires injunctive relief to prevent Defendants' continued use of the PURESLEEP Marks, and to ameliorate and mitigate PSC's injuries.

### COUNT V—Unfair Business Practices Act Under
### the Illinois Uniform Deceptive Trade Practices Act

87.     PSC repeats and realleges ¶¶ 1 through 86 of its Complaint as and for this ¶ 87, as if fully set forth herein.

88.     Defendants' unauthorized use of the PURESLEEP Marks as set forth above is likely to:  (a) cause confusion, mistake and deception;  (b) cause the public to believe that Defendants' devices are the same as the PureSleep MRD or that Defendants are authorized, sponsored or approved by PSC or that Defendants are affiliated, connected or associated with or in some way related to PSC; and (c) result in Defendants unfairly benefiting from PSC's advertising and promotion and profiting from the reputation of PSC and its PURESLEEP Marks, all to the substantial and irreparable injury of the public, PSC and its PURESLEEP Marks and the substantial goodwill represented thereby.

89.     Defendants' acts are both willful and intentional and have given rise to and shall continue to give rise to the false belief that Defendants have some connection with PSC or are somehow sponsored by or affiliated with PSC in violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/1 *et seq.*).

90.     As a direct and proximate result of Defendants' infringement, PSC has been and is likely to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits, and diminished goodwill.

91.     PSC has no adequate remedy at law because the PSC Marks are unique and represent to the public PSC's identity, reputation, and goodwill, such that damages alone cannot fully compensate PSC for Defendants' misconduct.

92.     Unless enjoined by the Court, Defendants will continue to use and infringe the PSC Marks, to PSC's irreparable injury.  This threat of future injury to PSC's business identity, goodwill, and reputation requires injunctive relief to prevent

Defendants' continued use of the PSC Marks, and to ameliorate and mitigate PSC's injuries.

**WHEREFORE**, PSC respectfully requests that this Court enter the following relief:

A. For an Order temporarily, preliminarily and permanently enjoining Defendants, their agents, servants, attorneys, and employees, and those people in active concert or participation with them from:

1. Using the PURESLEEP Marks or any trademark, service mark, logo or trade name that is confusingly similar to any of the PURESLEEP Marks, including but not limited to using the PURESLEEP Marks or any combination of "PURE" and "SLEEP" to sell, market or promote any snoring cessation device in any manner whatsoever, including but not limited to internet sites Amazon.com, eBay.com, Nextag.com, cheap-store.net, shop.com and by eBay.com user sc3902;

2. Otherwise infringing the PURESLEEP Marks or using any similar designation, alone or in combination;

3. Passing off any of their products or services as those of PSC;

4. Causing a likelihood of confusion or misunderstanding as to their affiliation, connection or association with PSC or any of PSC's products or services; and

5. Unfairly competing with PSC, in any manner.

B. An order pursuant to 15 U.S.C. §1118 that all labels, signs, prints, packages, wrappers, receptacles, logo items, advertisements, user reviews on any website in the possession or control of Defendants, their agents, servants and employees, and those people in active concert or participation with them bearing any of the PURESLEEP Marks, and all plates, molds, and other means of making the same, if any, be delivered to PSC at Defendants' cost;

C. That Defendants be required to promptly eliminate all advertising or positioning under the PURESLEEP Marks or any other confusingly similar designations or combinations of the words "PURE" and "SLEEP" from all media including, but not limited to, the internet, eBay.com, Amazon.com, Google.com, NexTag.com, Cheap-Store.Net, shop.com, product review, user reviews, newspapers, flyers, coupons, promotions, signs, telephone books, telephone directory assistance listings, email listings and mass mailings, all at Defendants' cost;

D. That Defendants be required to file with the Court and to serve upon Plaintiff's counsel within ten (10) days after entry of any injunction or order issued

herein, a written report, under oath, setting forth in detail the manner in which he has complied with such injunction or order;

E.     That Defendants be required to provide an accounting of all profits and revenues derived from any commercial activity involving the PURESLEEP Marks;

F.     That Defendants pay to Plaintiff such damages as Plaintiff has sustained by reason of said trademark infringement, trademark counterfeiting, trademark dilution, unfair competition and deceptive practices, including but not limited to the to the full extent provided for by 15 U.S.C. §1117, 815 ILCS 510/3 and by the controlling principles of common law.

G.     An award of punitive damages, treble damages, costs and expenses, including reasonable investigative and attorneys' fees incurred by PSC in connection with this action as provided for by statute, but not limited to the to the full extent provided for by 15 U.S.C. §1117, 815 ILCS 510/3, and by the controlling principles of common law;

H.     A trial by jury; and,

I.     Such other and further relief as the Court deems just and proper.

Dated:  February 11, 2009                    Respectfully submitted,

                                             **SLEEP SCIENCE PARTNERS, INC.**

                                             _/s/ Alice A. Kelly
                                             Alice A. Kelly (#6281897)
                                             The Kelly Law Group, LLC
                                             33 West Ontario Street, Suite 26H
                                             Chicago, IL 60654
                                             312.451.6211
                                             312.265.1157 (fax)

                                             *Of Counsel:*
                                             Heather Flick
                                             The Flick Group
                                             425 California Street, Suite 2025
                                             San Francisco, CA 94104
                                             415-765-6685

## JURY DEMAND

Plaintiff Sleep Science Partners, Inc. requests a trial by jury on all issues triable thereby.


Dated: February 11, 2009                    Respectfully submitted,

                                            **SLEEP SCIENCE PARTNERS, INC.**

                                            _/s/ Alice A. Kelly_
                                            Alice A. Kelly (#6281897)
                                            The Kelly Law Group, LLC
                                            33 West Ontario Street, Suite 26H
                                            Chicago, IL 60654
                                            312.451.6211
                                            312.265.1157 (fax)

                                            *Of Counsel:*
                                            Heather Flick
                                            The Flick Group
                                            425 California Street, Suite 2025
                                            San Francisco, CA 94104
                                            415-765-6685

**IN THE UNITED STATED DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **SLEEP SCIENCE PARTNERS, INC.,** | ) |
| | ) |
| **Plaintiff,** | )   **Case No.**_____ |
| | ) |
| **v.** | ) |
| | ) |
| **SUSANNA CHIU, SUSAN CHEUNG AND** | ) |
| **MASHI CHIU,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**VERIFICATION TO COMPLAINT**

I, Heather Flick, declare under penalty of perjury under the laws of the United States that the statements set forth in Plaintiff Sleep Science Partners, Inc.'s Complaint are true and correct, except as to matters therein stated to be upon information and belief and as to such matters, I certify that I verily believe the same to be true.

Executed in Chicago, Illinois on February 11, 2009.

_____

Heather Flick