**IN THE UNITED STATED DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SLEEP SCIENCE PARTNERS, INC., ) | |
| ) | |
| Plaintiff, ) | Case No. 09 CV 868 |
| ) | |
| v. ) | Judge Lefkow |
| ) | |
| SUSANNA CHIU, SUSAN CHEUNG AND ) | Magistrate Judge Schenkier |
| MASHI CHIU, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MOTION FOR TEMPORARY RESTRAINING ORDER AND
ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION**

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff Sleep Science Partners, Inc. d/b/a The Pure Sleep Company ("PSC"), by its attorneys, respectfully moves this Court for a Temporary Restraining Order and Order to Show Cause for a Preliminary Injunction enjoining Defendants Susanna Chiu, Susan Cheung and Mashi Chiu (collectively "Defendants") from using the PSC name and trademarks without authorization, engaging in any conduct which dilutes the PSC name and trademarks.

PSC is the exclusive manufacturer, marketer, and seller of the patented, FDA-cleared PureSleep mandibular repositioning device ("MRD"). The PureSleep MRD is an intraoral dental device used to reduce or eliminate snoring. Only available by prescription, PureSleep is a unique snoring cessation device exclusively sold and marketed under PSC's federally registered PURESLEEP trademarks. PSC sells its prescription-only MRD through its website and toll-free number.

Defendants are willfully and intentionally infringing, counterfeiting and diluting the PURESLEEP Marks by selling a cheap counterfeit version of the PureSleep MRD on the internet through channels like eBay.com and Amazon.com – channels through which PSC does not, indeed cannot, sell the prescription-only MRD. For the reasons set forth in PSC's Complaint, Memorandum in Support of this Motion and supporting Declarations (Exhibits A-F), Defendants unauthorized use of the PURESLEEP Marks violates the Lanham Act, the Anti-Dilution Act, Illinois common law of unfair competition and the Illinois Deceptive Business Practices Act. Unless enjoined by this Court, Defendants unlawful activity shall irreparably harm PSC. Moreover, the public interest is served by enjoining Defendants' unlawful distribution of a prescription-only device. Defendants' willful and intentional infringement coupled with their use of aliases and false addresses requires that this Order issue without notice to maintain the *status quo* until such time as a preliminary injunction hearing can be held.

Accordingly, PSC respectfully requests this Court to issue the Temporary Restraining Order. A proposed order is provided with the moving papers. Counsel shall endeavor to provide a copy of the proposed order via email to the Emergency Judge on the day of filing pursuant to local rules.

Dated: February 11, 2009                Respectfully submitted,

**SLEEP SCIENCE PARTNERS, INC.**

/s/ Alice A. Kelly
Alice A. Kelly (#6281897)
The Kelly Law Group, LLC
33 West Ontario Street, Suite 26H
Chicago, IL 60654
312.451.6211
312.265.1157 (fax)

*Of Counsel:*
Heather Flick
The Flick Group
425 California Street, Suite 2025
San Francisco, CA 94104
415-765-6685

## IN THE UNITED STATED DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| SLEEP SCIENCE PARTNERS, INC., | ) |
| Plaintiff, | ) Case No. 09 CV 868 |
| | ) |
| | ) Judge Lefkow |
| v. | ) |
| | ) Magistrate Judge Schenkier |
| SUSANNA CHIU, SUSAN CHEUNG AND MASHI CHIU, | ) |
| | ) |
| Defendants. | ) |
| | ) |

### [PROPOSED] TEMPORARY RESTRAINING ORDER

Plaintiff Sleep Science Partners, Inc. d/b/a/ The Pure Sleep Company ("PSC") having moved for a temporary restraining order pursuant to Federal Rule of Civil Procedure 65 and the Lanham Act (15 U.S.C. §1051 *et seq.*), for the reason that Defendants Susanna Chiu, Susan Cheung and Mashi Chiu are advertising, promoting, offering for sale and selling infringing and counterfeit goods bearing PSC's federally registered trademarks, trade names and/or logos, which are owned and controlled by PSC, and the Court, having reviewed and considered the Complaint, Motion, Memorandum of Law, supporting declarations and exhibits and the argument of counsel, finds:

1. PSC has extensively used certain trademarks, service marks, trade names, logos, emblems, indicia of origin, including but not limited to "PURESLEEP" and "PURESLEEP, THE STOP SNORING SOLUTION" (collectively, the "PURESLEEP" Marks).

2. PSC has shown a likelihood of success on its claims for trademark infringement and dilution of the PURESLEEP Marks and related Illinois state law claims as asserted in the Complaint.

3. As detailed in the Complaint and declarations, Defendants have made an on-going and unauthorized use of the PURESLEEP Marks. Absent an award of injunctive relief, PSC shall suffer immediate and irreparable harm unless Defendants are enjoined.

4. An award of injunctive relief will not harm Defendants and shall maintain the *status quo* until such time as a preliminary injunction hearing can be held.

5. The public interest is served by the issuance of an injunction.

6. PSC's counsel has written to Defendants repeatedly to demand they cease and desist their unlawful activities. Defendants have not responded. PSC's counsel attempted to notify Defendants of its intention to seek a temporary restraining order prior to the hearing on the motion. This Court finds that notice is not necessary, however, given the evidence of Defendants use of aliases and false addresses and the on-going and intentional nature of Defendants' activities.

7. PSC need not post bond for this Order to issue.

8. As of the date of this Order, Defendants, their agents, servants, attorneys, and employees, and those people in active concert or participation with them are hereby temporarily enjoined from:

> a. Using the PURESLEEP Marks or any trademark, service mark, logo or trade name that is confusingly similar to any of the PURESLEEP Marks, including but not limited to using the PURESLEEP Marks or any combination of "PURE" and "SLEEP" to sell, market or promote any snoring cessation device in any manner whatsoever, including but not limited to internet sites Amazon.com, eBay.com, Nextag.com, cheap-store.net, shop.com and by eBay.com user sc3902;
>
> b. Otherwise infringing the PURESLEEP Marks or using any similar designation, alone or in combination;

5

  c Passing off any of their products or services as those of PSC; causing a likelihood of confusion or misunderstanding as to their affiliation, connection or association with PSC or any of PSC's products or services;

  d. Advertising or positioning under the PURESLEEP Marks or any other confusingly similar designations or combinations of the words "PURE" and "SLEEP" in all media including, but not limited to, the internet, eBay.com, Amazon.com, Google.com, NexTag.com, Cheap-Store.Net, shop.com, product review, user reviews, newspapers, flyers, coupons, promotions, signs, telephone books, telephone directory assistance listings, email listings and mass mailings, all at Defendants' cost; and,

  e. Unfairly competing with PSC, in any manner.

  9. Defendants, their agents, servants, attorneys, and employees, and those people in active concert or participation with them are ordered to remove all instances of or references to the PURESLEEP Marks from their advertising and offers for sale, including any reviews posted on the internet.

  10. This Temporary Restraining Order shall remain in effect for 10 (ten) business days (pursuant to Fed.R.Civ.P. 6(a)(2) and 65 from the issuance hereof or such further date as set by the Court, unless Defendants stipulate, or do not object, to the entry of a Preliminary Injunction.

  11. PSC is granted leave to serve subpoenas on third parties relating to discovering any and all addresses and aliases used by defendants, the identity of all persons acting in concert with Defendants, the number of infringing products sold and the location of any accounts held by Defendants relating to the sale of the infringing products.

  12. A status hearing is set for _____.

6

**IT IS SO ORDERED.**

**Time:        :            .M.**

**Date:  February        , 2009**

                                                                 **_____**
                                                                   **U.S. DISTRICT COURT JUDGE**